**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
WAKIL J. AZIZI,

                              Plaintiff,                                    **<u>MEMORANDUM AND ORDER</u>**
                                                          25-CV-3960 (OEM) (VMS)

                -against-

SAYYARAH AZIZI,

                              Defendant.
-----------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

      *Pro se* plaintiff Wakil J. Azizi ("Plaintiff") commenced this action against Sayyarah Azizi

("Defendant") on July 10, 2025.  Complaint for a Civil Cause ("Complaint" or "Compl."), Dkt. 1.

That same day, Plaintiff also moved for leave to proceed *in forma pauperis* under 28 U.S.C.

§ 1915.  Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2.  For

the below reasons, the Court dismisses the Complaint for lack of subject-matter jurisdiction and

grants Plaintiff's request to proceed *in forma pauperis* solely for the limited purpose of dismissing

his Complaint.

**BACKGROUND**

      Plaintiff and Defendant are residents of New York.  Compl. at 2.

      In his Complaint, Plaintiff alleges that Defendant, his former wife and a naturalized United

States citizen,[1] committed marriage fraud.  *Id*. at 5-6.  He states that Defendant only married him

to "obtain[] citizenship and to access[] government benefits through manipulation and deception."

*Id.* at 7.  Specifically, Plaintiff alleges that Defendant falsified one of their children's medical

records to qualify for a United States visa by bribing a physician in Afghanistan.  *Id.*  Plaintiff also

alleges that Defendant mistreated him and their children by "physically assaulting [him] on

---

[1] Plaintiff and Defendant were divorced on March 13, 2025, but the Complaint is silent as to when they were married or when Defendant was naturalized.  Compl. at 7.

1

multiple occasions" and "abandoning the children in Afghanistan for over six months" to travel with another man. *Id.* Plaintiff additionally asserts that Defendant engages in the "exploitation of government programs." *Id.*

Plaintiff seeks "a thorough investigation into [the] alleged fraud and misconduct," urging "the government to pursue all available remedies, including potential revocation of [Defendant's] naturalization and the deportation of all individuals in the scheme." *Id*. at 6.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss a complaint filed *in forma pauperis* where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A court must additionally dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). Although courts are required to review *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking," *Chestnut v. Wells Fargo Bank, N.A.,* 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

## DISCUSSION

Plaintiff contends that a federal question provides the basis for this Court's subject-matter jurisdiction over his marriage fraud allegations. Compl. at 4. He specifically directs the Court to 8 U.S.C. § 1182. *Id.* Immigration marriage fraud, however, is defined under 8 U.S.C. § 1325. While this provision provides that "any individual who knowingly enters into a marriage for the

purpose of evading any provision of the immigration laws" is subject to a fine and/or imprisonment, it does not provide for a private cause of action. 8 U.S.C. § 1235(c); *Saxena v. Saxena*, 2:21-CV-02197, 2022 WL 20655852, at *2 (D. Nev. Apr. 5, 2022) ("Immigration marriage fraud, defined under 8 U.S.C. § 1325(c), does not provide for a private cause of action.").

Even if Defendant committed marriage fraud or some other federal crime, Plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a civil complaint. It is well-established that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *see also McFadden v. Ortiz*, 5:12-CV-1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) (noting that there is no private right of action to enforce either state or federal criminal statutes). It follows that Plaintiff has no judicially cognizable interest in procuring the enforcement of immigration law or federal criminal law. *See Sure-Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 897 (1984) (noting that "private persons . . . have no judicially cognizable interest in procuring enforcement of the immigration laws"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a [federal] court has no subject matter jurisdiction to hear their claim." (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005))).

Accordingly, the Court concludes that it lacks subject-matter jurisdiction over Plaintiff's Complaint.

**CONCLUSION**

For the foregoing reasons, this case is dismissed without prejudice for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Further, the Court denies Plaintiff leave to amend. Although *pro se* complaints are to be read liberally, "amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, there is no indication that Plaintiff may have claims over which this Court has jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff and to note mailing on the docket.

SO ORDERED.

                                          _/s/_
                                          ORELIA E. MERCHANT
                                          United States District Judge

November, 10 2025
Brooklyn, New York